

723

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Rusk Co,*

Honorable Joe C. Gladney
Criminal District Attorney
Henderson, Texas

Dear Sir:

Opinion No. 0-2358
Re: Authority of County Board of
School Trustees to remove a
trustee from office or to
declare said office vacant.

We received your letters dated May 13th and June 21,
1940 setting out certain facts and requesting our opinion on
a question based upon said facts.

Your letter dated May 13, 1940 reads, in part, as
follows:

"On the first Saturday in April, 1936, at
a regular trustee election, Hubert Osborne was re-
elected as trustee of the Pine Hill Common School
District of Rusk County, Texas. Thereafter, he
took oath of office and duly qualified as trustee
of said district. He was again re-elected as
trustee of said district on the first Saturday
of April, 1939, at the regular trustee election.
He failed to take the oath of office after this
election but has served as trustee of said district
during this period of time, signing teacher's con-
tracts, vouchers, etc.

"On April 5, 1940, the County Board of School
Trustees of Rusk County, Texas, being under the im-
pression that there was a vacancy in said office,
entered the following in the minutes of said board,
at a call meeting thereof:

"'A motion was made by J. R. Welch and
seconded by Walter Arnold to appoint J. B.
Harris, trustee of Pine Hill Common School
District No. 46, to fill the place of
Hubert Osborne, who did not qualify as trus-
tee. This was voted unanimously.'

Honorable Joe C. Gladney, Page 2

"On or about the 5th day of April, 1940, J. B. Harris took the oath of office, but thereafter, on or about the 20th day of April, 1940, he resigned as trustee for the reason that he has not resided in the district for six months prior thereto and was disqualified. On the same date that Harris resigned, Osborne took the oath of office and filed the same with the County Superintendent. During this entire period of time, Osborne has continued to act as trustee.

"During the year 1922, Osborne was convicted of Felony theft in the Federal Court. He is not a qualified voter and has not been during this entire period of time."

Your letter dated June 21, 1940 submitting additional facts reads, in part, as follows:

"After the appointment of Harris as trustee, Osborne continued to act as trustee and his acts in signing vouchers, etc, were accepted by the County Superintendent.

"Harris never at any time performed any act as trustee and his resignation was accepted by the County School Board, and on the County Board entered an order accepting the resignation of Harris, it entered an order stating that said common school district would have only two trustees for the year 1940-41.

"On the 5th day of June, 1940, upon the request of Hubert Osborne, the County Board entered the following order:

"'It appearing to the Board of County School Trustees of Rusk County, Texas, that heretofore there have been made various orders in regard to the position of one of the trustees of the Pine Hill Common School District No. 46, of Rusk County, Texas, in that the said County Board was under the impression that a vacancy existed in the place held by Hubert Osborne as one of the trustees of said district;

"'And, said board having found that the said Hubert Osborne has at all times since his election acted as trustee of said dis-

Honorable Joe C. Gladney, Page 3

triot, and that he has taken the oath of
office required by law, and it further ap-
pearing to this board that the District
Attorney of Rusk County, Texas, has certi-
fied a question to the Attorney General of
the State of Texas, in regard to the status
of the said Hubert Osborne as trustee of
said district;

"'It is therefore ordered by the County
Board of School Trustees that all orders
heretofore entered by the board and which
now appear on the minutes of this board be
set aside because of the fact that this
board did now know the true status of Hubert
Osborne as trustee of said district, and be-
cause of such orders as now appear on record,
there would be only two trustees for said
district; and it is the further order of this
board that the said Hubert Osborne shall con-
tinue to serve as trustee of the said Pine
Hill Common School District No. 46, until
further orders of this board in the event
said opinion of the Attorney General should
be adverse to the claims of the said Hubert
Osborne to said office.'

"No appeal was made to the County Board other
than the one made by Osborne as reflected by the
above order. We might also note that Osborne has
had his citizenship restored to him since the 13th
day of May, when we submitted our original request."

Based upon the above facts you ask the following
question:

Does the County Board of School Trustees of Rusk
County, Texas, have the power at this time to remove Osborne
as trustee of said district, or declare a vacancy in such
office and appoint another to take his place?

Article 2745, Revised Civil Statutes, reads, in
part, as follows:

"Art. 2745.

". . . . No person shall be trustee who
cannot read and write the English language intel-
ligibly, and who has not been a resident of such
district for six months prior to his election.
Providing no person shall be qualified as trustee
unless he is a property taxpayer in the district

Honorable Joe C. Gladney, Page 4

to which he is elected and otherwise a qualies
(qualified) voter in said district . . . .
Said trustees shall first take the official oath
and shall, as soon as practicable, file same with
the County Superintendent or County Judge. All
vacancies shall be filled by the County Board of
Trustees for the remainder of the term in which
the vacancy occurs. . . ."

Article 2747, Revised Civil Statutes, reads as follows:

"Art. 2747.

"If a trustee so elected or appointed as here-
in provided, who in the opinion of the county super-
intendent, does not possess the qualifications pre-
scribed by law, the county superintendent shall re-
fuse to recognize such person who has been so elected
and make written request within twenty days after
such election, of the county attorney, or district
attorney if there be no county attorney, to insti-
tute and prosecute with dispatch suit in the name of
the State for the removal of such trustee, in the dis-
trict court of the county where such trustee resides,
at the option of said attorney. Upon good cause shown
within the discretion of the court where such suit
is pending, it shall be lawful to enjoin and restrain
such person from acting as such trustee during the
pendency of such suit. It shall be lawful to summon
such trustee before the court in the trial of such
cause, and there make examination of him as to his
qualifications to serve as such. If after being so
summoned, such trustee fails, neglects or refuses
to obey said summons and fails to appear for the
purpose of examination, and fails or refuses to submit
to such examination, such failure, neglect or refusal
shall be prima facie evidence of his disqualifica-
tion, and because thereof the court trying such cause
shall be authorized to render thereupon judgment by
default against such trustee so defaulting, removing
him from his said office and declaring the same
vacant. The county board of education of the county
where such trustee has been elected shall appoint some
suitable person, who is qualified by law to act as
such trustee, if during the pendency of such suit said
trustee shall be enjoined from so acting. If such
trustee so elected shall be so removed then such
trustee so appointed shall continue to serve until

Honorable Joe C. Gladney, Page 5

the next regular election of school trustees
for such district. The county board of educa-
tion shall fill a vacancy in said office by
appointing a suitable person qualified by law
to act as trustee until the next regular elec-
tion of school trustees for such district."

We have been unable to find any authority for the
proposition that the County Board of School Trustees has the
power to remove an unqualified school trustee from office.
To the contrary, the method for such removal appears to be
set out in Article 2747, supra. See State ex rel Nevills v.
Sanderson 88 S.W. (2) 1069.

The facts show that Osborne was duly elected to the
office of trustee. He has been and is now performing the
duties of trustee. He has now taken the oath of office. We
find no facts which would justify a determination by the County
Board of School Trustees that Osborne has abandoned or vacated
the office of trustee.

We conclude that the County Board of School Trustees
has no authority to remove Osborne from office. We are of
the opinion, further, that the Board cannot at this time de-
clare such office vacant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVED AUG 5, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By *Lee Shoptaw*

Lee Shoptaw

LS:rw



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN